

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No.: 3:19-986-MGL-14 |
| § | |
| ALONZO TARELL JONES, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR A SENTENCE REDUCTION,
FOR COMPASSIONATE RELEASE, FOR JUDICIAL RECOMMENDATION,
AND TO APPOINT COUNSEL**

**I.    INTRODUCTION**

Pending before the Court are Defendant Alonzo Tarell Jones's (Jones) motions for a sentence reduction, for compassionate release, for judicial recommendation, and to appoint counsel. Having carefully considered the motions, the responses, the reply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

A federal grand jury indicted Jones for conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Pursuant to a written plea agreement, Jones pled guilty to a lesser included offense.

At sentencing, Jones received a total offense level of twenty-three and fourteen criminal history points, which resulted in a criminal history category of VI. Together, this meant Jones's

guideline range was ninety-two to 115 months. The Court thus sentenced him to ninety-six months of imprisonment, followed by three years of supervised release.

Jones is currently housed at Federal Correctional Institute Schuylkill (FCI Schuylkill), with a projected release date of July 16, 2028. He previously filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied. Jones thereafter filed these motions for a sentence reduction, for compassionate release, for judicial recommendation, and to appoint counsel. The United States Probation Office prepared a sentence reduction report, the government responded, and Jones replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motions.

### III.    MOTION FOR A SENTENCE REDUCTION

Jones argues he is eligible for a sentence reduction under Parts A and C of Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The government, however, asserts Amendment 821 is inapplicable to Jones. Indeed, the SSR states Jones is ineligible for relief.

On November 1, 2023, Amendment 821 took effect. Part A of the amendment addresses status points—criminal history points added if a defendant was under a criminal justice sentence, such as probation or supervised release, at the time of the offense. It decreases them by one point for individuals with seven or more criminal history points and eliminates status points for those with six or fewer criminal history points. U.S.S.G. amend. 821, Part A. Part A became retroactive on February 1, 2024. U.S.S.G. Amend. 825.

Part C, on the other hand, amends the commentary to U.S.S.G. § 4A1.3 to include prior simple possession of marijuana convictions as an example of when a downward departure may be warranted based on a defendant's criminal history. In other words, Part C recognizes previous

2

convictions for simple possession of marijuana may unjustly inflate a defendant's criminal history category and resultant guideline sentence. Part C, however, is nonretroactive. U.S.S.G. Amend. 825.

Even if the Court applies a one-point reduction under Part A, Jones is still within criminal history category VI. And, because Part C is prospective only, it fails to afford Jones relief. Jones's guideline sentence therefore remains unchanged, and he is unentitled to a sentence reduction. *See id.* § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

To the extent Jones requests the Court appoint him counsel to pursue this motion, the former Chief Judge of the District of South Carolina issued a standing order appointing the Office of the Federal Public Defender for the District of South Carolina (FDO) to represent any defendant and determine whether he may qualify for a sentence reduction under Amendment 821. *See In re: Petitions for Application of Retroactive 2023 Criminal History Amendments to the Sentencing Guidelines*, No. 3:23-mc-802-RBH (Oct. 20, 2023). But, because the Court determines Jones is ineligible for relief under Amendment 821, the Court will refrain from requiring the FDO to make any filings as to Jones's motion for a sentence reduction.

### IV.    MOTION FOR COMPASSIONATE RELEASE

#### A.    *Standard of Review*

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

3

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) under certain circumstances, where the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

### B.     *Discussion and Analysis*

As an initial matter, the government concedes Jones has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure

4

of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus turn to the merits of his motion for compassionate release.

> 1. ***Whether Jones presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)***
>
>     a. ***Whether Jones's family circumstances constitute extraordinary and compelling reasons***

Jones alleges he is entitled to release because the mother of his two minor children, Felicia Ransom (Ransom), has become incapacitated. Jones fails to specify any manner in which Ransom is unable to care for his minor children. But, Jones's initial request to the Bureau of Prisons (BOP) alleges Ransom suffered a diabetic stroke and will need to be admitted to a rehabilitation center to regain her ability to walk and talk.

The government contends Jones has neglected to set forth any evidence indicating Ransom is incapacitated or that he is the only available caregiver for his children.

To constitute an extraordinary and compelling reason based on the defendant's need to care for his minor children, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child[ren.]" U.S.S.G. § 1B1.13(b)(3)(A).

First, the Court is unconvinced Jones has two minor children with Ransom. Jones submits a letter from the South Carolina Department of Social Services indicating he owes more than $11,948.00 in child support to Ransom. The letter, however, neglects to provide the number of children for whom support is due. And, Jones's presentence investigation report (PSR) indicates he shares only one minor child, T.J., with Ransom.

Second, the Court is unpersuaded Ransom is incapacitated. Jones attaches a letter from Lexington Medical Center advising him Ransom was admitted to the facility on September 3,

5

2023, and her discharge date is pending hospital course. But, the letter neither supports Jones's allegation Ransom has suffered a stroke or otherwise indicates Ransom is incapacitated.

Finally, even if Ransom is incapacitated, Jones has nevertheless failed to demonstrate other caregivers are unavailable. The PSR indicates Jones has numerous relatives, including a mother, stepfather, two brothers, and two adult children, most of whom live in or around Camden, South Carolina. Yet, Jones has neglected to allege these individuals are unavailable to care for T.J.

For all these reasons, the Court concludes Jones's family circumstances fail to rise to the level of extraordinary and compelling reasons.

### b. *Whether the conditions at Jones's facility constitute extraordinary and compelling reasons*

Jones further contends the conditions at his facility constitute extraordinary and compelling reasons. Specifically, Jones alleges heightened restrictions imposed as a result of the COVID-19 pandemic have made his conditions of confinement physically and psychologically harsher than contemplated by the sentencing court. The government failed to respond to this argument, instead noting compassionate release is an improper vehicle through which Jones can challenge the speed and quality of his medical care.

Because the policy statement fails to enumerate prison conditions as an extraordinary and compelling reason for a reduced sentence, Jones must demonstrate the conditions from which he has suffered are "similar in gravity to [the enumerated circumstances] described in paragraphs (1) through (4)" of the statement. U.S.S.G. § 1B1.13(b)(5). The Court is unpersuaded Jones has met this burden.

According to Inmate COVID-19 data from the BOP's website, as of January 21, 2025, there were zero open cases of COVID-19 and zero COVID-related deaths at FCI Schuylkill. Fed. Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmat

6

e_covid19.jsp (last visited June 3, 2025). The nonexistence of COVID-19 among the inmate population at FCI Schuylkill, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Schuylkill in particular.

Moreover, the Court sentenced Jones nearly two years after the COVID-19 pandemic began. He is thus unable to credibly argue conditions imposed by the pandemic have made his sentence more punitive than intended by the sentencing court. And, to the extent Jones claims he has had limited access to programming, the record demonstrates he either began or completed eighteen education courses between July 21, 2022, and September 8, 2023, alone.

The Court is thus unconvinced the conditions at Jones's facility constitute extraordinary and compelling reasons.

          c.     *Whether Jones's rehabilitative efforts constitute extraordinary and compelling reasons*

Jones next maintains his remarkable rehabilitation and good behavior while incarcerated also constitute extraordinary and compelling reasons. But, the government argues post-sentencing conduct fails to support a sentence reduction. And, in any event, the government notes Jones has fought another inmate and possessed a hazardous tool while in custody.

Although Jones has completed several rehabilitative and educational programs for which the Court commends him, such strides fail to warrant a sentence reduction. *See* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court is thus unpersuaded these efforts, particularly in combination with Jones's instances of violence while incarcerated, constitute extraordinary and compelling reasons for compassionate release.

### 2. *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Jones's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes by the defendant;
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Jones pled guilty to a serious offense. Along with seventeen codefendants, Jones was indicted in a large-scale conspiracy involving the sale and distribution of cocaine, crack cocaine, fentanyl, heroin, and methamphetamine. Jones was identified as a medium-level drug dealer, and the Court held him accountable for 470 kilograms of converted drug weight.

Jones also has an extensive criminal history, including convictions for criminal domestic violence, possession of crack cocaine, resisting arrest, assault and battery, possession with intent

to distribute marijuana, felon in possession of a firearm, possession with intent to distribute crack cocaine, possession of marijuana, and unlawful carry of a pistol. Indeed, these convictions resulted in the Court assigning Jones a criminal history category of VI at sentencing.

As the Court mentioned above, Jones has taken steps toward rehabilitating himself while in custody. Though the Court is pleased with Jones's rehabilitation efforts and encourages him to continue furthering his education and skills, Jones has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Additionally, Jones's sentence is at the bottom half of his guidelines range, and it fails to create any unwarranted disparities among similarly situated defendants. In fact, thirteen of Jones's codefendants received a higher sentence.

Thus, upon balancing the Section 3553(a) factors, the Court determines Jones is unentitled to a sentence reduction. Jones's current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. The Court will therefore deny his motion for compassionate release. The Court will also deny his motion to appoint counsel, inasmuch as he has effectively set forth his arguments in his motion and is nevertheless unentitled to relief. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (explaining the Court need not appoint counsel for a compassionate release motion).

**IV.     MOTION FOR JUDICIAL RECOMMENDATION**

Jones further requests the Court recommend the BOP place him in a Residential Re-Entry Center for the last twelve months of his sentence. Based upon Jones's conduct while in custody,

which the Court briefly mentioned above, the government requests the Court deny Jones's motion at this time and grant him leave to refile the motion in twelve months.

"Federal district courts across the country are split as to whether a district court can make imprisonment placement recommendations on a [d]efendant's post-sentencing motion." *United States v. Ferguson*, No. 6:16-cr-707-8, 2018 WL 5095149, at *2 (D.S.C. Oct. 19, 2018) (emphasis omitted). But, even assuming the Court is so authorized, it is convinced a recommendation would be premature at this time, as Jones's projected release date is more than three years from now. *See* 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."). Accordingly, the Court will deny his motion for judicial recommendation.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Jones's motion for a sentence reduction, ECF No. 1501, motion for compassionate release, ECF No. 1501, motion for judicial recommendation, ECF No. 1660, and motion to appoint counsel, ECF No. 1704, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of July 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE